IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

NEDRA FORTSON,

    Plaintiff,

vs.

PHOEBE PUTNEY MEMORIAL
HOSPITAL, INC., a non-profit, domestic
corporation,

    Defendant.

CASE NO.: 1:09-CV-19(WLS)

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, NEDRA FORTSON (hereinafter "FORTSON"), by and through the undersigned counsel, files this Verified Complaint and Demand for Jury Trial against Defendant, PHOEBE PUTNEY MEMORIAL HOSPITAL, INC., a non-profit, domestic corporation, (hereinafter "PUTNEY"), and states:

1. This is an action for declaratory and injunctive relief and damages under 42 U.S.C. §§ 2000e and 1981.

2. FORTSON invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 on grounds that this action arises under 42 U.S.C. § 2000e and 1981.

3. The venue of this action is properly placed in the United States District Court for the Middle District of Georgia, Albany Division, pursuant to 28 U.S.C. § 1391(b),

because a substantial part of the events or omissions giving rise to the claims occurred in this district.

3. At all times relevant, FORTSON was employed by PUTNEY.

## PARTIES

4. FORTSON is a 42-year old, black African-American female citizen of the United States, who resides at 5611 Oak Borough Lane, Albany, Dougherty County, Georgia, 31721.

5. At all times material, the defendant, Phoebe Putney Memorial Hospital, Inc., is and was a non-profit, domestic corporation, whose principle office address is 417 West Third Avenue, Albany, Dougherty County, Georgia 31701-1943., PUTNEY is an employer as that term is defined under the civil rights statutes applicable to this action and is a legal entity subject to the obligations and federal laws involved in this action.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff is not required to fulfill any administrative prerequisite prior to bringing an action under 42 U.S.C. § 1981. Plaintiff has timely filed a Charge of Discrimination with the U.S. EEOC on August 27, 2007, the case having been assigned Charge No. 410-2007-006339. Plaintiff has requested a Notice of Right to Sue letter be issued to her but has not yet received that document, to bring this action as a matter of law. All conditions precedent to the institution of this action by FORTSON have been fulfilled.

## STATEMENT OF THE CASE

7. FORTSON incorporates by reference the allegations contained in paragraphs 1 through 6 above, as if fully set forth herein.

8. FORTSON began working with PUTNEY in 2004, as the Director of Clinical Informatics. In September of 2006, FORTSON continued to hold the position of Clinical Informatics.

9. In September of 2006, FORTSON went on maternity leave.

10. Upon her return from maternity leave in October 2006, FORTSON learned that PUTNEY had assigned many of her responsibilities to a white, male contractor working in the office.

11. FORTSON complained to her Supervisor, Laura Cook, about the confusion resulting from an overlap in her responsibilities and those assigned to the white, male contractor.

12. On May 30, 2007, PUTNEY terminated FORTSON. FORTSON was told that her position was being eliminated. In reality, FORTSON's duties were reassigned to the white, male contractor. FORTSON had expressed interest in employment in another position at PUTNEY. None of the white, male employees in her section were terminated.

## COUNT I

### Racial Discrimination in Violation of 42 §§ 1981 and 2000e

13. FORTSON incorporates by references the allegations contained in paragraphs 1 through 12, above, as if fully set forth herein.

14. The foregoing allegations establish a cause of action for unlawful, racial discrimination by FORTSON against PUTNEY under 42 U.S.C. §§ 1981 and 2000e.

15. The discriminatory action by PUTNEY alleged were intentional.

16. The discriminatory action by PUTNEY adversely affected the terms and conditions of FORTSON's employment and violated FORTSON's rights under 42 U.S.C. §§ 1981 and 2000e.

17. PUTNEY intentionally sought to treat FORTSON differently than similarly-situated, white employees by assigning her job duties to a white, male contractor, and not allowing FORTSON the opportunity to interview for other positions for which she was qualified. These actions taken by PUTNEY in this case were motivated in whole or in part on race based on the intentional discrimination by PUTNEY and/or its agents.

18. The termination of FORTSON by PUTNEY has caused, continues to cause and will cause FORTSON to suffer loss of income, emotional distress, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, humiliation, loss of dignity, injury to reputation and hurt and grievous emotional injury.

19. As a result of the discriminatory conduct by PUTNEY and/or its agents, FORTSON has been forced to hire an attorney to protect her rights and, as such, is entitled to recover reasonable attorney fees and costs for bringing this action.

WHEREFORE, Plaintiff NEDRA FORTSON, respectfully demands a trial by jury on all issues so triable as of right, the award of appropriate equitable and legal relief, including actual, compensatory and punitive damages, prejudgment interest and reasonable

attorney fees and all other legal expenses incurred by the Plaintiff which this Court may deem just and equitable.

## VERIFICATION

I affirm under the penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

*/s/ Nedra Fortson*
NEDRA FORTSON

Respectfully submitted,

*/s/ Gary Lee Printy*
GARY LEE PRINTY
FL BAR NO. 363014
THE LAW OFFICE OF GARY LEE PRINTY
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone (850) 877-7299
FAX (850) 877-2211

Attorneys for Plaintiff
NEDRA FORTSON

*/s/ William Edward Bubsey*
WILLIAM EDWARD BUBSEY
GA BAR ID NO.: 092075
FL BAR ID NO.: 869960
McCord, Bubsey & Ketchum LLP
210 South Monroe Street
Tallahassee, Florida 32301-1824
Telephone: (850) 224-2600
FAX: (850) 222-8826
bbubs@earthlink.net

Attorneys for Plaintiff
NEDRA FORTSON

5