UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

NEDRA FORTSON,

      Plaintiff,

vs.                         Case No.:  1:09-CV-00019 (WLS)

PHOEBE PUTNEY MEMORIAL
HOSPITAL, INC., a non-profit, domestic
corporation,

      Defendant.

## ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant Phoebe Putney Memorial Hospital, Inc. ("Phoebe Putney" or "Defendant") respectfully files this Answer and Counterclaim to Plaintiff's Complaint.  By stating the following defenses, Defendant does not assume any burden of proof that would otherwise rest with Plaintiff.

### First Defense

The Complaint fails to state a claim upon which relief can be granted to the extent that it fails to allege each and every element of each and every cause of action the Complaint purports to state.

## Second Defense

Plaintiff's claims are barred by the doctrines of accord and satisfaction, release, and settlement. Specifically, Plaintiff accepted funds from Defendant at the time of her termination on condition that Plaintiff release any and all claims against Defendant.

## Third Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, laches or unclean hands.

## Fourth Defense

Plaintiff's claims are barred to the extent that they are untimely or barred by the applicable statutes of limitations.

## Fifth Defense

Plaintiff's claims are barred because she has not exhausted the appropriate administrative remedies. Specifically, Plaintiff's Title VII claim is premature because the EEOC is still investigating Plaintiff's Charge of Discrimination and has not issued Plaintiff a notice entitling her to initiate a civil lawsuit.

## Sixth Defense

This Court is without subject matter jurisdiction to the extent that Plaintiff's claims exceed the reasonable scope of her charge of discrimination filed with the EEOC or the subsequent investigation of those charges by the EEOC.

## Seventh Defense

Defendant asserts that any actions taken with respect to Plaintiff were at all times motivated by and required for legitimate business considerations that were reasonable and

necessary to the operation of Defendant's business, and were not based, solely or in part, upon any unlawful consideration or motive to discriminate against the plaintiff..

## Eighth Defense

Without admitting that a discriminatory factor played a motivating part in Defendant's employment decision, which Defendant denies, Defendant would have made the same decision in the absence of any discriminatory factor.

## Ninth Defense

Defendant exercised reasonable care to prevent discriminatory behavior in the workplace by maintaining a detailed policy against discrimination that contains a reporting procedure for employees to utilize.

## Tenth Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant and specifically failed to report in a timely manner to Defendant any complaints of alleged race discrimination which she has alleged in her complaint.

## Eleventh Defense

Plaintiff's remedies are barred in whole or in part to the extent that she engaged in conduct that, if known to Defendant during her employment, would have resulted in her discharge.

## Twelfth Defense

There is no causal relation between the alleged acts or omissions of Defendant and any injuries or damages allegedly suffered by Plaintiff.

## Thirteenth Defense

Plaintiff's actions contributed in whole or in part to her damages, as alleged in Plaintiff's Complaint.

## Fourteenth Defense

Plaintiff's claims for damages, attorneys' fees and costs are limited, in whole or in part, by statute or applicable law. Defendant did not intentionally engage in any unlawful employment practices, nor did it act with either malice or reckless disregard for Plaintiff's federally protected rights.

## Fifteenth Defense

Plaintiff's claim for damages is barred to the extent that she failed to mitigate her alleged damages.

## Sixteenth Defense

Plaintiff's Complaint, to the extent it seeks punitive damages, violates Defendant's rights to pursue due process and equal protection, as granted under both the Fourteenth Amendment to the Constitution of the United States of America and Section One of the Constitution of the State of Georgia. Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless, or egregious conduct, and consequently, a sufficient factual basis does not exist to support a claim for punitive damages.

## Seventeenth Defense

Subject to the Defenses set forth above, and without waiving them, Defendant responds to the numbered paragraphs set forth in the Complaint as follows:

1.

Defendant admits that Plaintiff purports to bring claims for declaratory and injunctive relief and damages under 42 U.S.C. §§ 2000e and 1981, but Defendant denies that Plaintiff is entitled to any such relief.

2.

Defendant admits that this Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 1981, but Plaintiff has not met jurisdictional prerequisites to bring claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. Defendant denies any and all remaining allegations in paragraph 2 of the Complaint.

3.

Defendant admits that this Court is the proper venue for Plaintiff's claims. Defendant denies any and all remaining allegations in paragraph 3 of the Complaint.

3. [sic]

Defendant admits that Plaintiff is a former employee of Phoebe Putney. Defendant denies any and all remaining allegations in paragraph 3 of the Complaint.

4.

Upon information and belief, Defendant admits the allegations in paragraph 4 of the Complaint.

5.

Defendant admits the allegations in paragraph 5 of the Complaint.

6.

Defendant admits that Plaintiff is not required to file an administrative charge prior to bringing an action under 42 U.S.C. § 1981, but Defendant denies that it discriminated against the Plaintiff and the remaining allegations in paragraph 6 of the Complaint. Specifically, while Defendant admits that Plaintiff has filed a Charge of Discrimination with the EEOC, the EEOC has not completed its investigation and has not issued Plaintiff a notice giving her the right to initiate a civil proceeding under Title VII.

7.

Defendant adopts and incorporates its answers to paragraphs 1 through 6 of the Complaint.

8.

Defendant admits the allegations in paragraph 8 of the Complaint.

9.

Defendant admits the allegations in paragraph 9 of the Complaint.

10.

Defendant denies the allegations in paragraph 10 of the Complaint.

11.

Defendant denies the allegations in paragraph 11 of the Complaint.

12.

Defendant admits that Plaintiff's employment was terminated on May 30, 2007 due to the elimination of her position, but Defendant denies any and all remaining allegations in paragraph 12 of the Complaint.

13.

Defendant adopts and incorporates its answers to paragraphs 1 through 12 of the Complaint.

14.

Defendant denies the allegations in paragraph 14 of the Complaint.

15.

Defendant denies the allegations in paragraph 15 of the Complaint.

16.

Defendant denies the allegations in paragraph 16 of the Complaint.

17.

Defendant denies the allegations in paragraph 17 of the Complaint.

18.

Defendant denies the allegations in paragraph 18 of the Complaint.

19.

Defendant denies the allegations in paragraph 19 of the Complaint.

20.

To the extent Plaintiff's Prayer for Relief contains any allegations of fact or law, all said allegations are denied by Defendant. Defendant further denies that Plaintiff is entitled to the relief requested in her Prayer for Relief, or that she is entitled to any relief whatsoever.

21.

Defendant denies each and every allegation in the Complaint not specifically denied, admitted or controverted herein.

## COUNTERCLAIM

Defendant brings the following counterclaim against Plaintiff:

## Parties, Jurisdiction and Venue

### 1.

By filing this action, Plaintiff submitted herself to the jurisdiction of this Court, and venue as to Defendant's counterclaim is proper.

### 2.

This Court also has jurisdiction over Defendant's Counterclaim because this counterclaim is compulsory (it arises out of the same subject matter of Plaintiff's claims, namely, her employment). As such, the Court may exercise supplemental jurisdiction over Defendant's Counterclaim under 28 U.S.C. § 1367.

### 3.

Upon information and belief, Plaintiff is a resident of the State of Georgia.

### 4.

Defendant is a Georgia non-profit corporation with its principal place of business in Albany, Georgia.

## Nature of Counterclaim

### 5.

Plaintiff was previously employed by Defendant as its Director of Clinical Informatics. Her employment was terminated on May 30, 2007 when her position was eliminated.

6.

In connection with the termination of Plaintiff's employment, Plaintiff was offered salary continuation benefits by Defendant in exchange for a release of any and all claims arising from Plaintiff's employment, including those asserted by Plaintiff in this lawsuit.

7.

Plaintiff received and accepted $7,345.60 in severance payments offered in consideration for a release agreement, but ultimately failed to return a signed copy of the release agreement to Defendant.

8.

Plaintiff did not return to Defendant the consideration paid in exchange for a release.

9.

After accepting the consideration for a release agreement, Plaintiff brought the instant lawsuit against Defendant.

**Count One: Unjust Enrichment**

10.

Defendant incorporates paragraphs 1 through 9 of its Counterclaim.

11.

Defendant conferred a benefit on Plaintiff in the form of its payments in the amount of $7,345.60.

12.

Plaintiff accepted, received, and retained the benefits conferred upon her in the form of the aforementioned payments.

13.

Defendant's payment of $7,345.60 to Plaintiff was in consideration of Plaintiff executing and honoring a full release of any and all claims arising from her employment with Defendant.

14.

If Plaintiff is allowed to retain the money paid to her, without having signed or honored the release agreement demanded by Defendant in exchange for the payments, Plaintiff will be unjustly enriched.

15.

It would be inequitable for Plaintiff to retain the benefits conferred upon her by Defendant without repayment or other adequate compensation.

16.

Defendant is entitled to damages in the amount of $7,345.60.

WHEREFORE, having fully answered or responded to all allegations in Plaintiff's Complaint, Defendant respectfully requests that the Court grant it the following relief:

A.     Deny Plaintiff's claims and dismiss Plaintiff's Complaint with prejudice;

B.     Enter judgment in favor of Defendant in the amount of $7,345.60;

C.     Deny any and all relief sought by Plaintiff;

D.     Award Defendant all costs, expenses and reasonable attorneys' fees; and,

E.    Award Defendant such other and further relief as the Court deems just and proper.


This 10th day of March 2009.


                                                    s/Robert O. Sands_____
                                                    Robert O. Sands
                                                    Georgia Bar No. 626136
OGLETREE, DEAKINS, NASH,                             robert.sands@ogletreedeakins.com
    SMOAK & STEWART, P.C.                            M. Baker Wyche, III
600 Peachtree Street, N.E                            Georgia Bar No. 779400
Suite 2100                                           baker.wyche@ogletreedeakins.com
Atlanta, Georgia 30308                               Michael Oliver Eckard
(404) 881-1300                                       Georgia Bar No. 238550
(404) 870-1732 – Facsimile                           michael.eckard@ogletreedeakins.com


                                                    **Counsel for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing DEFENDANT'S ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of Court using the CM/ECF system which will automatically send email notification to all parties of record.  I further certify that the following party has been served with a copy of the foregoing document via U.S. Mail:

William Edward Bubsey, Esq.
McCord, Bubsey & Ketchum, LLP
210 South Monroe Street
Tallahassee, Florida 32301-1824

This 10th day of March 2009.

**s/Robert O. Sands_____**
Robert O. Sands
Georgia Bar No. 626136
robert.sands@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
600 Peachtree Street, N.E
Suite 2100
Atlanta, Georgia 30308

7085327.1