# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| NEDRA FORTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:09CV-00019(WLS) |
| PHOEBE PUTNEY MEMORIAL ) | |
| HOSPITAL, INC., A NON-PROFIT, ) | |
| DOMESTIC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL DISCOVERY

Defendant respectfully submits this Memorandum in Support of its Motion to Dismiss filed in the above-entitled action.

## I.    Background

On January 29, 2009, Plaintiff filed her Complaint alleging race discrimination and pregnancy discrimination in connection with her termination from Defendant Phoebe Putney Memorial Hospital due to a reorganization in May, 2007. Following Defendant's filing of its timely Answer in which the allegations of the Complaint were denied and various affirmative defenses were asserted, the Court set the scheduling and discovery conference for July 14, 2009. However,

Plaintiff moved to continue the conference due to a scheduling conflict that purportedly arose after this agreed upon date (Doc. 11).

The discovery and scheduling conference eventually was held by Judge Sands on January 26, 2010. Plaintiff Nedra Fortson attended this conference along with her attorney Gary Printy, and Ms. Fortson took notes as Judge Sands discussed the parties' discovery obligations and scheduling requirements. (Sands Declaration, ¶ 2). Robert Sands attended the conference as lead attorney for Defendant.

Immediately following the conference, Mr. Sands contacted Mr. Printy for the purpose of setting Ms. Fortson's deposition as soon as possible. (Sands Declaration, ¶2). On February 12, 2010, Mr. Sands confirmed by letter his request to take Ms. Fortson's deposition and provided suggested dates of February 25 and February 26, 2010. (Sands Declaration, ¶3). However, Counsel for Plaintiff informed Mr. Sands that Ms. Fortson was not available for these dates. (Sands Declaration, ¶3).

When Ms. Fortson's counsel did not provide alternative dates, Mr. Sands sent a notice setting the deposition for March 18, 2010. (Sands Declaration, ¶3). Mr. Printy informed Mr. Sands that March 18 would not work for the deposition

due to an alleged conflict in Ms. Fortson's schedule and she would not be available until after April 13. (Sands Declaration ¶4).

As a result of several communications with Mr. Printy to obtain available dates for the attorneys, Ms. Fortson and management officials of Phoebe who were to be deposed, the parties agreed to hold the deposition of Ms. Fortson on April 22 followed by the depositions of management witnesses on April 29. (Sands Declaration ¶5). Mr. Printy responded that he could not obtain a date from his client so the deposition would need to be moved to May. (Sands Declaration ¶6). Mr. Printy later informed Mr. Sands that Ms. Fortson was refusing to give her deposition until after Phoebe managers were deposed. (Sands Declaration ¶8).

Having received no additional confirmation from Mr. Printy regarding any available dates of Plaintiff, Defendant amended its notice of deposition and served Plaintiff's counsel with such notice setting the deposition for May 19. (Sands Declaration ¶10). Mr. Printy contacted Mr. Sands to inform him that this date was not available and further explained that he and local counsel Bubsey would be moving to withdraw from the case due to lack of cooperation of his client. (Sands Declaration ¶12). On May 13, 2010, Mr. Printy filed his Motion for Leave to Withdraw as Counsel for Plaintiff citing irreconcilable differences based upon

Plaintiff's total lack of communication with her attorney for approximately eight weeks, including refusal to respond to email, U.S. Mail or voice mail messages. (Doc. 21).[1] On June 14, 2010, Judge Sands entered an order granting Mr. Printy's motion to withdraw (Doc. 24).

On June 15, 2010, Mr. Sands sent Ms. Fortson a detailed letter in which he provided courtesy copies of the Discovery and Scheduling Order as well as Defendant's First Interrogatories and Request for Production of Documents. (Sands Declaration ¶13). Mr. Sands explained that Plaintiff's responses were several days overdue but that he would extend the time for response to June 24, 2010.[2] The correspondence also enclosed a Second Amended Notice of Deposition setting Plaintiff's deposition for July 1 in Albany. This package was delivered to Ms. Fortson's residence the next day, June 16. (Sands Declaration ¶14).

Following a message left by Mr. Sands for Ms. Fortson and her email acknowledging receipt of the June 24, 2010 package, Ms. Fortson alleged that July

---

[1] Defendant notes that Attorney Bubsey subsequently moved to withdraw as well and has been granted such permission. Mr. Bubsey served as "local counsel" for Mr. Printy and took no active role in the case.

[2] Ms. Fortson to date has provided no responses to the written discovery requests nor has she provided any explanation for her failure to provide such responses. This complete failure to respond is the subject of the pending Motion to Compel Discovery filed on July 9, 2010 (Doc. 26).

1 was not a workable time for her. Mr. Sands accepted Ms. Fortson's representation that July 1 was not a workable day for her and requested other available dates. (Sands Declaration ¶15-18). Ms. Fortson never responded to this request. (Sands Declaration ¶19).

On July 8, 2010, Defendant served Ms. Fortson with a Third Amended Notice of Deposition setting her deposition for July 21, 2010 in Albany. (Sands Declaration ¶20). FedEx delivered this package to Ms. Fortson's residence on July 9, 2010. (Sands Declaration ¶20). Mr. Sands contacted Ms. Fortson on Monday afternoon, July 19, 2010 via email to confirm the deposition prior to his departure to Albany on Tuesday afternoon, July 20. (Sands Declaration ¶21).

Ms. Fortson did not appear for her deposition as scheduled at 10:00 a.m. on Wednesday, July 21. (Sands Declaration ¶22). Likewise, she made no effort to contact Mr. Sands or anyone else prior to the starting time of the deposition. (Sands Declaration ¶¶21-22). However, at 10:08 a.m., while Mr. Sands, the court reporter and Phoebe representative were waiting for her to arrive for the deposition, Ms. Fortson sent Mr. Sands an email announcing that she would not be attending the deposition because she was trying to secure legal representation. (Sands Declaration ¶23). She acknowledged in the email that she was aware of the

impending discovery deadline of July 26, 2010, thus confirming her review of the scheduling order and discovery requirements. (Sands Declaration ¶23).

When Mr. Sands expressed his extreme disappointment in Ms. Fortson's failure to attend and particularly her failure to notify him of her intent not to attend, she claimed that she only had one day's notice of the deposition. However, in her final email on the subject, Ms. Fortson acknowledged that she had been in receipt of the package since its delivery on July 9, but had elected not to open it until after reading Mr. Sands' email. (Sands Declaration ¶25).

## II.    <u>Argument and Authorities</u>

Rule 37 of the Federal Rules of Civil Procedure provides a district court with the authority to impose sanctions, including dismissal, on a party for abuse of the discovery process. Fed. R. CIV. P. 37(b)(2)(C). The district court has broad discretion to control discovery, including dismissal where litigants are uncooperative without justification. <u>See</u> <u>Gratton v. Great American Communications</u>, 178 F.3d 1373, 1375 (11th Cir. 1999); <u>Phipps v. Blakeney</u>, 8 F.3d 788, 790 (11th Cir. 1993). Pursuant to Rule 37(d), the court should sanction a party who, after being served with proper notice, fails to appear for her deposition. Fed. R. CIV. P. 37(d)(1)(A)(i). Likewise, dismissal of the action is listed as an

appropriate sanction for the party's failure to appear for her deposition. Fed. R. CIV. P. 37(d)(3), (b)(2)(A)(v). While the sanction of dismissal is the most extreme remedy, the district court retains the discretion to dismiss a complaint where plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of a full understanding of discovery obligations coupled with a bad faith refusal to comply. See Kelly v. Old Dominion Freight Line, Inc., 2010 WL1676772 (11th Cir. 2010)(11th Circuit upholds dismissal of pro se plaintiff's race discrimination in employment complaint where plaintiff filed frivolous motions to compel against defendant, plaintiff refused defendant's request to schedule his deposition and failed to report for his deposition when scheduled, even though plaintiff filed a motion for protective order prior to the date of his deposition; "Kelly's pro se status does not excuse noncompliance with procedural rules").

As in the above cases where dismissal has been granted, Plaintiff has displayed deliberate indifference to the Federal Rules of Civil Procedure. Nedra Fortson has steadfastly refused to cooperate in the processing of this case. As set forth in the separate Motion to Compel filed on July 9, 2010 with this Court, Ms. Fortson has blatantly refused to submit responses to Defendant's interrogatories

and request for production of documents. Responses are now seven weeks overdue. She has offered no explanation for her continued refusal to provide written discovery responses.

More significantly, despite Defendant's numerous efforts to schedule her deposition, Ms. Fortson, initially through her attorney and now in her pro se status, has claimed to be unavailable for her deposition from February through July. After serving three formal notices of deposition and cancelling them due to Plaintiff's alleged conflict, Defendant finally set her deposition for July 21, 2010. Rather than extend Counsel for Defendant the courtesy of letting him know that she would not appear and despite his going beyond the call of duty to communicate with Plaintiff, she chose rather to wait until after the scheduled time for her deposition to send an email cavalierly announcing that she would not be attending.

It is significant to note that Ms. Fortson is not a pro se party who is unaware of the Rules of Civil Procedure. To the contrary, she attended the scheduling conference for this case and took notes regarding the deadlines and requirements in the case. As fully outlined in Mr. Sands' Declaration, Ms. Fortson, for whatever reason, believes that she can avoid having her deposition taken in this case. She has dictated to her attorney how this case will be litigated. She then steadfastly

refused to cooperate with her attorney or communicate in any manner for a period of several weeks, leaving him with no choice but to withdraw as her counsel. Now in the capacity of acting as her own attorney, Ms. Fortson has made it clear that she does not intend to comply with the Federal Rules of Civil Procedure or the scheduling order of this Court. If she cannot have things her way, she simply will not participate. The last straw was her failure to appear at her scheduled deposition, compounded by the completely indifferent and discourteous decision to announce her nonappearance ten minutes after the scheduled starting time.

While we recognize that dismissal as a sanction under Rule 11 should not be ordered unless lesser sanctions will not work, Zocaras v. Casper, 465 F.3d 479, 484 (11th Cir. 2006), dismissal is appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault. See Phipps v. Blakeney, 8 F.3d at 790. Ms. Fortson's failures in this case cannot be explained as a mistake, inadvertence or not knowing the rules. She personally attended the scheduling conference and had the benefit of two firms representing her for 16 months in this litigation, (until they were forced to withdraw due to her lack of cooperation). Her email exchanges with Counsel for Defendant illustrate that she fully understands the discovery process, yet has ignored the fundamental obligation to appear for her deposition and answer

written discovery. Her conduct exhibits an utter disregard for the Federal Rules of Civil Procedure and a deliberate effort to delay and avoid her obligations in this case. Therefore, dismissal is the appropriate sanction.

Moreover, in addition to the sanction of dismissal, the federal rules are clear that "the Court <u>must</u> require the party failing to act . . . to pay the reasonable expense, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. CIV. P. 37(d)(3)(emphasis added). <u>Kelly v. Old Dominion Freightline, Inc.</u> at *7. In this case, Plaintiff has failed to answer written discovery or appear for her deposition, and there can be no valid justification for these outright refusals to participate in discovery. Defendant specifically requests that Plaintiff reimburse it for the preparation of the two motions to compel, attorney time expended for travel and appearance at the scheduled deposition in Albany, and fees associated with the numerous communications made necessary by Plaintiff's steadfast refusal to agree to a deposition date.

## III.   Conclusion

Defendant respectfully requests that Plaintiff's case be dismissed due to her knowing and deliberate failure to cooperate in discovery. Alternatively, should the

Court decide not to grant Defendant's Motion to Dismiss, Defendant requests the Court to enter an order compelling immediate compliance with the Federal Rules of Civil Procedure and its discovery provisions as outlined in the Motion to Compel in this case. In any event, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant further requests that the Court award Defendant's reasonable attorney's fees and expenses associated with Plaintiff's failure to participate in discovery, including the failure to appear at her deposition and all fees associated with the preparation of this Motion and the prior motion to compel discovery.

Respectfully submitted this 26th day of July 2010.

s/Robert O. Sands
Robert O. Sands
GA Bar No. 626136
M. Baker Wyche, III
GA Bar No. 779400
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Fax: 404.870.1732
Email: robert.sands@ogletreedeakins.com

Attorneys for Defendant Phoebe Putney
Memorial Hospital, Inc.