**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

NEDRA FORTSON,  :
:
    Plaintiff,  :
:
v.  :    Case No. 1:09-CV-0019(WLS)
:
PHOEBE PUTNEY MEMORIAL  :
HOSPITAL, INC.,  :
:
    Defendant.  :
_____ :

## AMENDED ORDER

Presently pending before the Court is Defendant's Motion for Attorneys' Fees. (Doc. 48). Defendant also seeks clarification of the Court's award regarding its claims for unjust enrichment against Plaintiff. (Doc. 47). For the reasons provided herein, Defendant's Motion for Attorneys' Fees is **GRANTED**. Defendant's state law based Counterclaim is **DISMISSED-without-prejudice**.

### I. BACKGROUND

Plaintiff brought this action against her former employer, Defendant Phoebe Putney Memorial Hospital ("Phoebe"), alleging violations of race discrimination. (Doc. 1). Plaintiff's claims arise from her termination from Defendant Phoebe in May 2007. Plaintiff alleges that Defendant terminated her position on the basis of illegal race and pregnancy discrimination. (Doc. 1 and Doc. 5). Defendant, in response, states that Plaintiff's termination is the result of a reorganization of Defendant's operations and is based on legitimate non-discriminatory grounds. (Doc. 28). In its answer, Defendant denied any wrongdoing and stated a counterclaim seeking an award of $7,345.60. (Docs. 3 and 47). Defendant alleges that Plaintiff accepted $7,345.60 in

1

salary and benefits as consideration for the execution of a release of all claims against Defendant at the time of her termination. Id. Plaintiff denies that Defendant had any contractual or statutory basis for such an award. (Docs. 5 and 49-1).

On March 31, 2011, this Court granted Defendant's Motion to Dismiss (Doc. 41). The Court dismissed Plaintiff's Complaint for, among other things, failure to prosecute her case pursuant to Fed. R. Civ. P. 41. (Id.) In its Order, the Court noted Plaintiff's continued failure to cooperate with her former counsel and/or Defendant, and her failure to participate in the discovery process. (Id.) Having granted Defendant's Motion to Dismiss, the issues now remaining before the Court are: (1) Defendant's Motion for Attorneys' Fees (Doc. 41) and (2) the amount of judgment on Defendant's counterclaim of unjust enrichment (Doc. 3).

## II. DISCUSSION

### A. Defendant's Motion for Attorneys' Fees (Doc. 48)

Defendant seeks $11,520.00 in attorneys' fees connected with this action. (Doc. 48). In his declaration, Defendant's counsel, Robert O. Sands, states that his hourly rate is $360.00 per hour and he worked approximately 32.0 hours on this matter. (Doc. 48-1). The Court notes that the attorneys' fees sought by Defendant are limited only to those arising from the Motion to Compel Plaintiff's discovery responses (Doc. 26), the Motions to Dismiss related thereto (Docs. 28, 33, and 41), and all subsequent replies to Plaintiff's Responses in Objection to Defendant's Motions to Dismiss. (*See generally* Docket).

In opposition to an award of attorneys' fees, Plaintiff argues that she should not be penalized for her prior counsel's failure to properly coordinate discovery. (Doc. 49). Plaintiff repeats her previous arguments regarding her attempts to comply with the Court's Orders to participate in discovery. (Id.) Plaintiff also reiterates her personal financial hardship to the

2

Court and emphasizes that her failures in this matter did not arise from bad faith. (Id.) In light of the Court's grant of Defendant's Motion to Dismiss (Doc. 45), Defendant's should be awarded attorney fees since it is the prevailing party; however, the Court will depart downwards from the requested amount as set forth below.

Pursuant to 42 U.S.C. § 2000e-5(k), the Court may allow the prevailing party in a Title VII action "a reasonable attorney's fee." Pursuant to the holding of the Supreme Court in Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 98 S Ct. 694, 54 L.Ed.2d 648 (1978), a district court has discretion to "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421. Thus, in order to prevail, a party must be awarded some relief by a court. Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001). This may take the form of a judgment on the merits or a court-ordered consent decree. Id. Both create the "material alteration of the legal relationship of the parties" which is necessary to a fee award. Id.

Here, Defendant seeks attorneys' fees based on the Court's grant of its Motion to Dismiss. The Court granted dismissal, in part, due to Plaintiff's failure to comply with the Court's Orders, refusal to participate in an "unrestricted discovery process,"[1] and failure to prosecute her action. (Doc. 45). In considering the proper amount of attorneys' fees to award, the Court must weigh the utility of an award of attorneys' fees due Defendant as a result of its favorable judgment and Plaintiff's conduct against concerns of fairness and reasonableness. *See e.g.*, Buckhannon Bd. and Care Home Inc. v. W. Va. Dep't of Health and Human Res., 532 US. 598 (2001).

---

[1] *See* Doc. 45 at 10.

3

It is well established that "[t]o allow defendants to recover their attorneys' fees as a matter of course would be contrary to the underlying policy of encouraging plaintiffs to act as private attorneys general, in that it would greatly increase the risk undertaken by a civil rights plaintiff." McGrotha v. FedEx Ground Package Sys. Inc., 2008 WL 4498939 (M.D. Ga. 2008) (denying award of attorneys' fees arising from Court's grant of Summary Judgment in favor of employer). In light of these facts, Courts require more than a success on the merits in order to grant an award of attorneys' fees to a prevailing Defendant. (Id.) (citing Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 19850.

In light of all the relevant issues before the Court and the applicable law in this Circuit, the Court notes that Plaintiff did, in fact, have reasonable factual and legal basis for her Complaint. However, Plaintiff's failure to participate in the discovery process and subsequent stages of litigation and willful failure to comply with the Court's Orders warranted dismissal as a sanction in this action. (*See* Doc. 45). Even construed in favor of Defendant, these facts alone cannot be found to characterize her case as frivolous and unreasonable. Therefore, the Court cannot find that Plaintiff's case was so baseless, frivolous, and without factual basis as to award a grant of Defendant's entire attorneys' fee request of $ 11,520.00. (Doc. 48). In light of this fact, the Court's attorneys' fee award is reduced by a reasonable amount, as discussed below.

In determining the appropriate amount of an award for attorney's fees, the Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate. This amount, "lodestar," may then be adjusted upward or downward in light of the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974) (overruled on other grounds, *see* Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939,

(1989)).[2]  The Court in Blum v. Stenson, 465 U.S. 886, 104 S. Ct 1541 (1984), held that most of the Johnson factors[3] will ordinarily be reflected in the lodestar itself, for example, time and rate, rather than in an adjustment of the lodestar.  Determination of a reasonable fee necessarily requires that a counsel for the prevailing party exclude from a fee request "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  Notwithstanding the lodestar, other considerations may require adjustment of the attorney fee upward or downward based upon the results obtained. Id.  Thus, attorney fees may be adjusted upward or downward [including by a multiplier] in view of the relief obtained in comparison to the scope of the litigation as a whole.  *See* Spanish Action Comm. of Chicago v. City of Chicago, 811 F.2d 1129, 1132 (7th Cir. 1987).  Since the Johnson factors are ordinarily reflected in the lodestar itself, the Court will proceed to discuss the specific items enumerated below.  *See* Blum, 465 U.S. at 1541.

### 1. **Reasonableness of Time Entries**

Counsel for Defendant seeks payment for 32.0 hours of attorneys' fees related to the actions in the instant case following Defendant's filing of the Motion to Compel.  (*See Docket*

---

[2]  The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981.  *See* Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).
[3]  Determination of a reasonable fee is based on consideration of the factors set forth in
  1. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974):
      The time and labor expended;
  2. The novelty and difficulty of the questions raised;
  3. The skill required to properly perform the legal services rendered;
  4. The customary fee for like work;
  5. The attorney's opportunity costs in pressing the instant litigation;
  6. The fee is contingent or fixed;
  7. The time limitations imposed by the client or circumstances;
  8. The amount in controversy and the results obtained;
  9. The experience, reputation, and ability of the attorney;
  10. The undesirability of the case within the legal community in which the suit arose;
  11. The nature and length of the professional relationship between attorney and client; and
  12. The attorneys' fees awards in similar cases.
  13.

generally). The Court notes that the attorneys' fees sought by Defendant are limited only to those arising from the Motion to Compel Plaintiff's discovery responses (Doc. 26), the Motions to Dismiss related thereto (Docs. 28, 33, and 41), and all subsequent replies to Plaintiff's Responses in Objection to Defendant's Motions to Dismiss. (*See generally* Docket).

In light of the foregoing, the Court has reviewed attorney Sands' time entries and finds them reasonably related to the pursuit of discovery and ultimate dismissal in this action.

### 2. **Johnson Factors**

Having found the time entries reasonable, the Court considers the 32.0 hours in light of the Johnson Factors. The Court notes that Defendant's counsel is an experienced litigator and has extensive expertise in the field of employment discrimination. (Doc. 48-1) ("I am a shareholder in the Atlanta office of the Firm where I have practiced employment law for over 30 years and have defended numerous employment discrimination cases…". Thus, the Court considers counsel's knowledge in the type of litigation involved and possession of significant skills. Id. ("Our law firm, Ogletree, Deakins, Nash, Smoak & Stewart, is one of the leading employment law firms in the nation with respect to the defense of employment discrimination suits.")

Defendant's counsel is paid $360.00 an hour to defend employment discrimination actions. (Doc. 48-1). In light of defense counsel's familiarity with this field and the determination of the Court that Plaintiff's failure to prosecute warranted dismissal- and not a complex and sophisticated legal issue- the Court will decrease the award of attorneys' fees based on the Johnson Factors. The Court's finding must not be construed on a reflection of the skill level of defense counsel or the effort exerted in this case. Instead, the Court's downward departure based on these factors is due to defense counsel's indubitable ability to examine,

6

analyze, and address the nature of claims and issues raised by Plaintiff quickly and efficiently. In light of the foregoing, the Court will depart from Defendant's requested attorneys' fees by 50%. In sum, the Court will award Defendant's 50% of the requested attorneys' fees based on its finding that Defense counsel's experience and expertise does not warrant an award of 32.0 hours for the filing of the instant Motions and Briefs in order to obtain a dismissal in this matter. Therefore, the Court will downwardly depart from the requested Defendant's attorneys' fee award of 32.0 hours to a lesser amount of 16.0 hours- ½ of Defendant's requested hours.

### 3. Results Obtained

Here, Plaintiff achieved no success on any of her claims, thus this factor weighs heavily in favor of an award to Defendant's counsel.

### 4. **Lodestar and Requested Adjustments**

The Court multiplies the number of hours reasonably expended on a case by the reasonable or customary hourly rate to determine the lodestar. Hensley, 461 U.S. at 433. Accordingly, the Court finds that the lodestar calculated herein is the hours reasonably expended minus the hours excluded as unreasonable with that product multiplied by the reasonable hourly rate. See id. at 434; see also Military Circle Pet Ctr. v. Cobb County, 734 F. Supp. 502, 504 (N.D. Ga. 1990) (stating "the lodestar figure represents a presumptively reasonable fee.").

Since the Court finds, herein, that the reasonable hours expended as determined herein multiplied by the hourly rate properly constitute a reasonable award of attorney fees, Defendants shall receive funds in the amount of $5,760.00 as calculated below:

|  |  |
|---|---|
| Total Requested Fees: | $11,520.00 |
| - Reduction for Expertise of Defendant's Counsel and Lack of Complexity of Plaintiff's Claims | $5,760.00 |
|  | $5,760.00 |
| **Total Attorney Fee Awarded:** | **$5,760.00** |

## B. Defendant's Counterclaim for Unjust Enrichment (Docs. 3 and 47)

In its Counterclaim (Doc. 3), Defendant Phoebe asserted that it was entitled to recover $7,345.60 from Plaintiff based on a theory of unjust enrichment. The Court notes that the instant claim against Plaintiff is based entirely on state law. Tuvim v. United Jewish Communities, Inc., 285 Ga. 632, 635, 680 S.E.2d 827, 829–30 (2009) ("[u]njust enrichment applies when as a matter of fact there is no legal contract, but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for."). 28 U.S.C. § 1367(c)(3) provides, in pertinent part, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction...."

The Court also notes that the state law counterclaim does not arise out of the same transaction or occurrence as the alleged facts giving rise to Plaintiff's race discrimination claims; thus, the state law claim is not compulsory. Because dismissal has been granted on all of Plaintiff's federal claims, the Court declines to extend supplemental jurisdiction over Defendant's remaining state law counterclaim and Defendant's state law counterclaim is **DISMISSED-without-Prejudice**. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

### III. Conclusion

For the reasons stated herein, Defendant's Motion for Attorneys' Fees is **GRANTED**. The Court, in its discretion, awards Defendant **$5,760.00** in attorneys' fees. Defendant's state law based Counterclaim is **DISMISSED-without-prejudice**.

**SO ORDERED**, this  27th    day of March, 2012.

/s/  W. LOUIS SAND_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**